1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BUTLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | **Case No. 1:15-cv-00133-EPG**<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 11.)

　　At the hearing on March 28, 2017, the Court heard from the parties. Having reviewed the cord, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

　　For the reasons announced by the Court on the record at the conclusion of the parties' oral argument on March 28, 2017, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for further proceedings.

In reaching Plaintiff's residual functional capacity finding, the Administrative Law Judge ("ALJ") gave great weight to the medical opinions of examining psychologists Dr. Cushman and Dr. Spivey.  The ALJ indicated that, by including a single limitation for "work involving no production rate or pace work" in Plaintiff's residual functional capacity finding, he had "fully credited the claimant with his complaint of problems with concentration and focus, and Dr. Cushman and Dr. Spivey finding that the claimant may have problems dealing with stress and emotional capacity."  However, the ALJ did not fully discuss the reason(s) for not accepting several limitations suggested by Dr. Cushman, who determined that Plaintiff had limitations including: 1) difficulty maintaining regular attendance, 2) difficulty working a normal workday or workweek, 3) difficulty getting along with supervisors, coworkers and the public, and 4) difficulty dealing with the usual stressors encountered in a competitive work environment. (AR 325.)  The ALJ also did not fully discuss the reason(s) for not accepting the limitations suggested by Dr. Spivey, who determined that Plaintiff had limitations including: 1) moderate limitation in ability to withstand the stress of a routine workday, and 2) marked limitation in ability to withstand emotional stability/predictability. (AR 437.)  The ALJ's failure to fully consider the limitations found Dr. Cushman and Dr. Spivey constitutes legal error.

On remand, the Administrative Law Judge shall examine the record with respect to the above medical sources and determine whether they should be incorporated in the residual functional capacity finding.  If they should not be incorporated, the Administrative Law Judge should explain why.  Alternatively, the Administrative Law Judge may incorporate their findings and continue the analysis using the five step process.

The Court finds for the Commissioner regarding other of Plaintiff's arguments, as discussed on the record.

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is remanded to the Social Security Administration.

\\\

\\\

1  The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Scott Butler
2  and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **March 28, 2017**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE